# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-455V
Filed: August 26, 2014
Not for Publication

*************************************
ERIN MENSER,                        *
                                    *
           Petitioner,              *
                                    *     Damages decision based on proffer;
v.                                  *     influenza (flu) vaccine; shoulder
                                    *     injury related to vaccine
SECRETARY OF HEALTH                 *     administration (SIRVA)
AND HUMAN SERVICES,                 *
                                    *
           Respondent.              *
                                    *
*************************************

Maximillian J. Muller, Philadelphia, PA, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On May 27, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a left shoulder injury as a result of the influenza ("flu") vaccination she received on August 30, 2013. On August 22, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On August 26, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$80,000.00**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$80,000.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 26, 2014                               /s/ Laura D. Millman
                                                                                                             Laura D. Millman
                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                            )
ERIN MENSER,                                )
                                            )
            Petitioner,                     )
                                            )  **No. 14-455**
v.                                          )  **Special Master Millman**
                                            )
SECRETARY OF HEALTH AND                     )
HUMAN SERVICES,                             )
                                            )
            Respondent.                     )
_____ )


## RESPONDENT'S PROFFER OF DAMAGES

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees with this amount.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00 in the form of a check payable to petitioner.

                                    Respectfully submitted,

                                    STUART F. DELERY
                                    Assistant Attorney General

                                    RUPA BHATTACHARYYA
                                    Director
                                    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        ALTHEA W. DAVIS
        Senior Trial Counsel
        Torts Branch, Civil Division

        /s/ Alexis B. Babcock

        ALEXIS B. BABCOCK
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.: (202) 616-7678

Dated: August 26, 2014